NOT DESIGNATED FOR PUBLICATION

No. 123,358

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANNON HOYT LARSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed July 30, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BUSER, P.J., HILL, and ISHERWOOD, JJ.

PER CURIAM: Shannon Hoyt Larson appeals the Barton County District Court's ruling revoking his probation and imposing his underlying prison sentence. We granted Larson's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State did not file a response. Upon our review of the record, we find no abuse of discretion and affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

In keeping with a plea agreement, Larson pled no contest to solicitation to commit aggravated indecent liberties with a child. The district court accepted the plea and found him guilty. In October 2008, the district court sentenced Larson to 24 months'

1

imprisonment with 12 months postrelease supervision but granted him a 24-month probation. The court stayed the sentence until Larson's release from the Kansas Department of Corrections in a Barton County criminal case.

Larson's probation began in March 2019. Conditions of his probation included a prohibition on alcohol consumption and special conditions outlined in the Sex Offender's Handbook—including a ban on the possession of pornographic materials, notifying a supervising officer of any sexual relationship, and requiring that a supervising officer authorize any socialization with someone who has a minor child.

In May 2020, the State alleged Larson violated his probation by (1) consuming alcohol; (2) possessing pornography; (3) failing to report a sexual relationship; and (4) being unsuccessfully discharged from a sex offender treatment program. At the evidentiary hearing, the district court found that Larson violated four conditions of his probation.

The district court also found that Larson presented a public-safety risk. The district court detailed the reasons for its finding:

- Larson's previous rape conviction involving a 13-year-old girl.
- The nature of both the rape conviction and the present conviction for solicitation to commit aggravated indecent liberties with a child, given that both crimes are person crimes involving sex offenses.
- Larson's prior reprimand for being alone with the minor children of a woman he was dating.
- Larson's self-admitted propensity to push boundaries.
- Larson's current relationship with an intellectually disabled woman who, although legally an adult, functions as a teenager, which Larson characterized as a "loophole" in his probation.
- A prior incident of pornography on Larson's computer.

2

- Larson's high probability of sexual and violent recidivism according to a therapist from his sex offender treatment program.

- Larson's unsuccessful discharge from the sex offender treatment program.

Based on this public safety finding, the district court bypassed intermediate sanctions, revoked Larson's probation, and imposed his underlying prison sentence. Larson timely appeals.

ANALYSIS

On appeal, Larson contends the district court abused its discretion when it revoked his probation without first imposing intermediate sanctions. An appellate court reviews the district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party contending that the district court abused its discretion bears the burden of showing such an abuse. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Larson contends the revocation of his probation and imposition of the underlying sentence was unreasonable because "the circumstances of [his] violations did not demonstrate that he threatened public safety."

To evaluate the reasonableness of the district court's ruling, we must first determine which version of K.S.A. 22-3716 is applicable under the circumstances of this case. The Legislature has amended K.S.A 22-3716 many times since 2013. Larson's crimes of conviction occurred before the 2013 amendments took effect on July 1, 2013, but his probation violations occurred in 2020. The 2014 legislative amendments to K.S.A. 22-3716 specified that sanctions would apply to any probation violation occurring on or

after July 1, 2013. See K.S.A. 2014 Supp. 22-3716(c)(12); *Coleman*, 311 Kan. at 336. Because Larson's crimes of conviction occurred in 2008, before the enactment of the 2016 through 2019 amendments, these later amendments—which lack any retroactivity provisions—do not apply. But the 2014 version of K.S.A. 22-3716 applies because it is retroactive, and encompasses any probation violation after July 1, 2013.

Did the district court comply with the provisions of K.S.A. 2014 Supp. 22-3716(c)(1)? The statute generally mandates that the district court must impose intermediate sanctions before revoking an offender's probation and imposing the underlying prison sentence. However, there are three exceptions to the intermediate sanctions requirement:  (1) the offender committed a new crime; (2) the offender absconded; or (3) an intermediate sanction would jeopardize the safety of the public or would not serve the welfare of the offender. In short, the district court may revoke an offender's probation and impose the underlying prison sentence, without intermediate sanctions, if it finds any such exception. K.S.A. 2014 Supp. 22-3716(c)(8)-(9).

Here, the district court relied on the third exception, finding that imposition of an intermediate sanction for Larson would jeopardize the safety of the public. Kansas statutes provide that the court may rely on such an exception to bypass intermediate sanctions if the court "finds and sets forth with particularity the reasons." K.S.A. 2014 Supp. 22-3716(c)(9). Such findings "'must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.' [Citations omitted.]" *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018).

Upon our review, we find the district court revoked Larson's probation because of particularized, enumerated reasons. The district court articulated the reasons with "attention to or concern with details," referring to specific prior incidents of rape and possession of pornography, particular issues arising from Larson's past and current romantic relationships, distinct concerns regarding Larson's personal propensity to push

4

boundaries, and an expert assessment of Larson's probability of recidivism. Taken together, these reasons indicated to the district court that "issues with this exact type of situation [sex-related offenses and person crimes] continue to occur."

We hold that the district court appropriately justified its public safety finding with an "exactitude of detail" that shows reasonable judicial action, not an abuse of discretion. Accordingly, we affirm the district court's judgment revoking Larson's probation and imposing the underlying sentence.

Affirmed.